UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-1191-JFW (KK)** | Date: | February 17, 2017 |
| Title: | *Nicholas Queen v. David Shinn* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why this Action Should Not Be Dismissed for Lack of Jurisdiction

## I.
## BACKGROUND

Following a jury trial in the United States District Court for the District of Maryland, Petitioner Nicholas Queen ("Petitioner") was found guilty of two counts of bank robbery by intimidation under 18 U.S.C. § 2113(d), two counts of armed bank robbery in violation of 18 U.S.C. § 2113(f), and two counts of carrying a firearm during the commission of a crime of violence under 18 U.S.C. § 924(c).  ECF Docket No. ("Dkt.") 1 at 2; see also United States v. Queen, 73 F.3d 359, 1995 WL 756347 *1 (D. Md. 1995).[1]  He was sentenced on September 30, 1994 to a 562-month term of incarceration.  Dkt. 1 at 2; see also USA v. Queen, 1:93-cr-00366-WMN-1 (D. Md., filed Aug. 31, 1993).

---

[1] A court "may take judicial notice of matters of public record," including of "proceedings and filings" in other cases and "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citations omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit. Queen, 73 F.3d 359. On December 21, 1995, Petitioner's conviction was affirmed. Id.

Since 1997, Petitioner has filed over a dozen pleadings challenging his conviction and sentence in the sentencing and custodial courts. See United States v. Queen, 93-cr-0366-WMN, 2012 WL 1107176, at *1 (D. Md. Mar. 30, 2012) (listing cases). Petitioner's first Motion to Vacate pursuant to 28 U.S.C. § 2255 ("Section 2255") was denied and dismissed on the merits on May 8, 1997. See Queen v. United States of America, 97-1184-HMN (D. Md. 1997).

On June 21, 2016, the Fourth Circuit issued an Order granting Petitioner authorization to file a successive Section 2255 motion. Queen, 1:93-cr-00366-WMN-1 at Dkt. 300. The court found Petitioner "made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case." Id. Hence, Petitioner's motion to vacate his 1994 conviction and sentence pursuant to Section 2255 ("Maryland Section 2255 Motion") was filed in the Maryland District Court on June 21, 2016, where it is still pending. Id. at Dkt. 301.

On February 6, 2017, Petitioner constructively filed[2] the instant pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 ("Section 2241") in this Court, challenging his 1994 conviction and sentence. Dkt. 1, Pet. As in his Maryland Section 2255 Motion, Petitioner asserts the statute under which he was convicted and sentenced contain the language, "crime of violence," which is unconstitutionally vague under the reasoning of Johnson v. United States, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) (holding the "residual clause" of 18 U.S.C. § 924(e) was unconstitutionally vague) and Welch v. United States, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016) (holding Johnson should be applied retroactively). Id.

## II.
## DISCUSSION

### A.   APPLICABLE LAW

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under Section 2241 in the custodial court. Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). On the other hand, Section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under Section 2255 and "[Section] 2255

---

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

motions must be heard in the sentencing court." Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

There is, however, an exception to this general rule that a Section 2255 challenge to the legality of detention must be filed in the sentencing court. Under the "escape hatch" of Section 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under Section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). A prisoner may file under Section 2255's escape hatch in the custodial court "when the prisoner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting Stephens, 464 F.3d at 898).

With respect to the first prong of Section 2255's escape hatch, an actual innocence claim requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898 (citing Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). With respect to the second prong of Section 2255's escape hatch, whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the Court must consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first [Section] 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first [Section] 2255 motion." Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

**B.    ANALYSIS**

Here, Petitioner does not challenge "the manner, location, or conditions of a sentence's execution." See Harrison, 519 F.3d at 956. Rather, Petitioner challenges the legality of his 1994 conviction and sentence. See Dkt. 1, Pet. Thus, Petitioner cannot proceed in this Court, the custodial court, unless Section 2255's "escape hatch" provision applies. Lorentsen, 223 F.3d at 953. Applying the two prongs of Section 2255's escape hatch, the Court finds the Petition does not qualify for the exception. Harrison, 519 F.3d at 959.

**(1)    This Court Need Not Decide Whether Petitioner Demonstrates Actual Innocence**

Petitioner concedes he was not convicted or sentenced under the residual clause of 18 U.S.C. § 924(e) held unconstitutional in Johnson. See Dkt. 1, Pet. However, Petitioner asserts he is actually innocent because Johnson and Welch should extend to the statute under which he was convicted and sentenced. See id. Notably, there is a current split among federal courts on whether, and to what extent, Johnson and Welch apply to other federal statutes. See United States v. Taylor, 814 F.3d 340, 375-76 (6th Cir. 2016) (holding "crime of violence" language in 18 U.S.C. § 924(c)(3) is not unconstitutionally vague "[b]ecause § 924(c)(3)(B) is considerably narrower than the statute invalidated by the Court in Johnson, and because much of Johnson's

analysis does not apply to § 924(c)(3)(B)"); United States v. Gonzalez-Longoria, No. 15-40041, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (holding 18 U.S.C. § 16(b)'s "crime of violence" language "is not unconstitutionally vague").  But see United States v. Edmundson, 153 F. Supp. 3d 857, 862 (D. Md. 2015), as amended (Dec. 30, 2015) (extending Johnson and holding 18 U.S.C. § 924(c)'s "crime of violence" language suffered "from impermissible vagueness"); Dimaya v. Lynch, 803 F.3d 1110, 1120 (9th Cir. 2015) (extending Johnson and holding 18 U.S.C. § 16(b)'s "crime of violence" language is "unconstitutionally vague").  Indeed, the United States Supreme Court will consider whether Johnson should be extended to the United States Sentencing Guidelines, section 4B1.2(a)(2) (defining "crime of violence") in a pending case, Beckles v. United States, ___ U.S. ___, 136 S. Ct. 2510, 2511, 195 L. Ed. 2d 838 (2016) (cert. granted Jun. 27, 2016).  See also In re: Embry, No. 16-5447, 2016 WL 4056056, at *4 (6th Cir. July 29, 2016) (holding in abeyance Section 2255 motion raising Johnson pending Beckles because "[a]fter the Supreme Court resolves some or (hope springs eternal) all of these questions, the district courts will be well positioned to handle these cases fairly and efficiently").  Hence, it is currently unclear as to whether the reasoning set forth in Johnson extends to the statute under which Petitioner was convicted and sentenced.

Nonetheless, as discussed below, it is clear Petitioner fails the escape hatch's second prong.  Thus, the Court need not decide whether Petitioner demonstrates actual innocence to fulfill the escape hatch's first prong.  Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir. 2003) ("To the extent that Ivy may have a viable claim of innocence, something we do not decide, he has not been denied an unobstructed procedural opportunity to present it.  For that reason, § 2255 does not provide an inadequate or ineffective remedy.").

### (2) Petitioner Fails to Demonstrate He Lacks an Unobstructed Procedural Shot to Raise His Claim

Because Petitioner's Maryland Section 2255 Motion is still pending, Petitioner cannot show he lacks an unobstructed procedural shot to raise his claim because "[h]e must never have had the opportunity to raise it by motion" to qualify for the escape hatch.  Ivy, 328 F.3d at 1060; see Sperow v. United States, No. CV 13-4244-DMG (JCG), 2013 WL 6910415, at *2 n.2 (C.D. Cal. Dec. 31, 2013) (stating "because Petitioner's § 2255 motion in Idaho District Court remains pending, there is no basis for the Court to find that Petitioner had no remedy under § 2255").

Petitioner thus fails to qualify for Section 2255's escape hatch, and this Court lacks jurisdiction to entertain the matter.  Harrison, 519 F.3d at 959.  Therefore, as the Court lacks jurisdiction, the Court is inclined to dismiss this action.  Hernandez, at 864-65.

///
///
///
///
///
///

# III.
# ORDER

Accordingly, the Court hereby **ORDERS** Petitioner to file a written response as to why this action should not be dismissed for lack of jurisdiction no later than **twenty-one (21) days after the date of this Order**. In the response, Petitioner must elect one of the following three options:

1. If Petitioner contends his action is not a Section 2255 challenge to the legality of detention that should be heard in the sentencing court, but is instead challenging the manner, location, or conditions of a sentence's execution, he should clearly explain this in a filing with this Court no later than **twenty-one (21) days after the date of this Order**. Petitioner should attach copies of any documents that support his position.

2. If Petitioner contends his action challenges the legality of detention and is properly before this Court as the custodial court under the Section 2255 escape hatch, he should clearly explain this in a filing with this Court no later than **twenty-one (21) days after the date of this Order**. Petitioner should attach copies of any documents that support his position.

3. If Petitioner wishes to withdraw his Petition, he may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), which must be served and filed no later than **twenty-one (21) days after the date of this Order**. **A Notice of Dismissal form is attached for Petitioner's convenience.** The Court advises Petitioner, however, that if Petitioner should later attempt to raise his dismissed claims in a subsequent habeas petition or Section 2255 motion, those claims may be time-barred, and may be barred as successive.

**The Court warns Petitioner that failure to timely respond as directed in this Order will result in dismissal of this action without prejudice for lack of jurisdiction, and failure to prosecute and obey court orders.**

**IT IS SO ORDERED.**