UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS QUEEN,<br><br>                   Petitioner,<br><br>           v.<br><br>DAVID SHINN,<br><br>                   Respondent. | Case No. CV 17-1191-JFW (KK)<br><br>ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |

**I.**

**INTRODUCTION**

Petitioner Nicholas Queen ("Petitioner") has filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") pursuant to 28 U.S.C. § 2241 ("Section 2241"). Petitioner challenges his 1994 conviction and sentence imposed in the United States District Court for the District of Maryland. As discussed below, the Court dismisses this action without prejudice for lack of subject matter jurisdiction.

**II.**

**BACKGROUND**

Following a jury trial in the United States District Court for the District of Maryland, Petitioner was found guilty of two counts of bank robbery by

intimidation under 18 U.S.C. § 2113(d), two counts of armed bank robbery in violation of 18 U.S.C. § 2113(f), and two counts of carrying a firearm during the commission of a crime of violence under 18 U.S.C. § 924(c). ECF Docket No. ("Dkt.") 1 at 2; see also United States v. Queen, 73 F.3d 359, 1995 WL 756347 *1 (D. Md. 1995).[1] On September 30, 1994, Petitioner was sentenced to a 562-month term of incarceration. Dkt. 1 at 2; see also Queen v. Smith, No. 3:CV-04-2077, 2005 WL 1377835, at *1 (M.D. Pa. June 6, 2005).

Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit. Queen, 73 F.3d 359. On December 21, 1995, Petitioner's conviction was affirmed. Id.

Since 1997, Petitioner has filed over a dozen pleadings challenging his conviction and sentence in the sentencing and custodial courts. See United States v. Queen, 1:93-cr-0366-WMN, 2012 WL 1107176, at *1 (D. Md. Mar. 30, 2012) (listing cases). Petitioner's first Motion to Vacate pursuant to 28 U.S.C. § 2255 ("Section 2255") was denied and dismissed on the merits on May 8, 1997. See Queen v. United States of America, 97-1184-HMN (D. Md. 1997) at Dkt. 3.

On June 21, 2016, the Fourth Circuit issued an Order granting Petitioner authorization to file a successive Section 2255 motion. United States v. Queen, 1:93-cr-00366-WMN-1 (D. Md., filed Aug. 31, 1993) at Dkt. 300. The court found Petitioner "made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case." Id. Hence, Petitioner's motion to vacate his 1994 conviction and sentence pursuant to Section 2255 ("Maryland Section

---

[1] A court "may take judicial notice of matters of public record," including of "proceedings and filings" in other cases and "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citations and internal quotation marks omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

2255 Motion") was filed in the Maryland District Court on June 21, 2016, where it is still pending. Id. at Dkt. 301.

On February 6, 2017, Petitioner constructively filed[2] the instant pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to Section 2241 in this Court, challenging his 1994 conviction and sentence. Dkt. 1, Pet. As in his Maryland Section 2255 Motion, Petitioner asserts the statute under which he was convicted and sentenced contain the language, "crime of violence," which is unconstitutionally vague under the reasoning of Johnson, 135 S. Ct. 2551 (holding the "residual clause" of 18 U.S.C. § 924(e) was unconstitutionally vague) and Welch, 136 S. Ct. 1257 (holding Johnson should be applied retroactively). Id.

On February 17, 2017, the Court issued an Order to Show Cause why the Petition should not be dismissed for lack of jurisdiction because Petitioner was challenging the legality of his 1994 conviction and sentence and Section 2255's "escape hatch" provision appeared inapplicable. Dkt. 3, OSC.

On February 26, 2017, Petitioner constructively filed a Response to the February 17, 2017 Order to Show Cause. Dkt. 4, Response. Petitioner argues the Court has jurisdiction over his Petition because (a) he can show he is actually innocent, and (b) he lacks an unobstructed procedural shot to present his claim. Id. However, Petitioner does not address his pending Maryland Section 2255 Motion.

## III.

## DISCUSSION

**THIS COURT LACKS SUBJECT MATTER JURISDICTION**

A. **APPLICABLE LAW**

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under Section 2241 in the

---

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

1  custodial court. Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). On the
2  other hand, Section 2255 "provides the exclusive procedural mechanism by which
3  a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d
4  950, 953 (9th Cir. 2000). A petitioner challenging "the legality of his sentence"
5  must file a motion to vacate his sentence under Section 2255 and "[Section] 2255
6  motions must be heard in the sentencing court." Hernandez v. Campbell, 204 F.3d
7  861, 864-65 (9th Cir. 2000).

8       There is, however, an exception to this general rule that a Section 2255
9  challenge to the legality of detention must be filed in the sentencing court. Under
10 the "escape hatch" of Section 2255, a federal prisoner may challenge the legality of
11 detention in the custodial court if, and only if, the remedy under Section 2255 in
12 the sentencing court is "inadequate or ineffective to test the legality of his
13 detention." 28 U.S.C. § 2255(e); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.
14 2006). A prisoner may file under Section 2255's escape hatch in the custodial
15 court "when the prisoner '(1) makes a claim of actual innocence, and (2) has not
16 had an unobstructed procedural shot at presenting that claim.'" Marrero v. Ives,
17 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting Stephens, 464 F.3d at 898).

18      With respect to the second prong of Section 2255's escape hatch, whether
19 the petitioner has not had an "unobstructed procedural shot" at presenting his
20 actual innocence claim, the Court must consider: "(1) whether the legal basis for
21 petitioner's claim did not arise until after he had exhausted his direct appeal and
22 first [Section] 2255 motion; and (2) whether the law changed in any way relevant
23 to petitioner's claim after that first [Section] 2255 motion." Alaimalo v. United
24 States, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

25 **B.  ANALYSIS**

26      Here, Petitioner does not challenge "the manner, location, or conditions of a
27 sentence's execution." See Harrison, 519 F.3d at 956. Rather, Petitioner
28 challenges the legality of his 1994 conviction and sentence. See Dkt. 1, Pet. Thus,

4

Petitioner cannot proceed in this Court, the custodial court, unless both Section 2255's "escape hatch" provision apply. <u>Lorentsen</u>, 223 F.3d at 953.

As discussed in the Court's February 17, 2017 Order, Petitioner fails the second prong of Section 2255's escape hatch. <u>Alaimalo</u>, 645 F.3d at 1047. Petitioner does not dispute that (1) his Petition presents the same claim as his Maryland Section 2255 Motion; and (2) his Maryland Section 2255 Motion is still pending. <u>See</u> Dkt. 4, Response. Therefore, Petitioner cannot show he lacks an unobstructed procedural shot to raise his claim. <u>Ivy</u>, 328 F.3d at 1060; see <u>Sperow v. United States</u>, No. CV 13-4244-DMG (JCG), 2013 WL 6910415, at *2 n.2 (C.D. Cal. Dec. 31, 2013) (stating "because Petitioner's § 2255 motion in Idaho District Court remains pending, there is no basis for the Court to find that Petitioner had no remedy under § 2255").

Petitioner thus fails to qualify for Section 2255's escape hatch, and this Court lacks jurisdiction to entertain the matter. <u>Harrison</u>, 519 F.3d at 959. Therefore, the Court dismisses this action without prejudice. <u>Hernandez</u>, 204 F.3d at 864-65.

## IV.
## **ORDER**

IT IS THEREFORE ORDERED this action is DISMISSED without prejudice for lack of jurisdiction.

Dated: March 13, 2017

HONORABLE JOHN F. WALTER
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge

5